Filed 9/2/22  P. v. King CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| THE PEOPLE, | C095791 |
| --- | --- |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20062847) |
| v. | |
| KEVIN LYNELL KING, | |
| Defendant and Appellant. | |

In 2009, a jury found defendant Kevin King guilty of second degree murder, gross vehicular manslaughter while intoxicated, vehicular manslaughter, felony driving under the influence of alcohol or drugs, felony hit and run resulting in death, and driving on a suspended license.  The jury found true defendant drove under the influence within 10 years with three or more prior convictions and fled the scene of the accident.  Defendant struck and killed the victim with his van and drove away.  (*People v. King* (Feb. 28, 2012, C063804) [nonpub. opn.].)  When he was arrested, his blood-alcohol level was 0.1 percent, and his blood tested positive for marijuana, cocaine, and Ecstasy.  (*Ibid*.)  The trial court sentenced him to 19 years in prison.  (*Ibid*.)

On January 19, 2019, defendant filed a form petition for resentencing pursuant to former Penal Code section 1170.95.[1]  He checked the two boxes:  he was not a major

---

[1]     The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551).  This amendment to section

1

participant in the crime or he did not act with reckless disregard for human life and the victim was not a police officer. He did not check the two boxes: he was not the actual killer and he was not an accomplice who aided and abetted the crime with an intent to kill. The trial court denied the petition. Defendant appealed filing a brief requesting our review under *People v. Wende* (1979) 25 Cal.3d 436. On our own motion, we dismissed that appeal as abandoned.

On July 21, 2021, defendant filed a "motion to appeal from the trial court's postjudgment order denying [his] petition for resentencing" under former section 1170.95. (Capitalization omitted.) He attached his prior petition. Counsel notified the trial court that the trial judge, in the original jury trial, did not instruct the jury on any eligible theory, and counsel would not be filing any additional papers in support of the motion. The trial court denied the motion and defendant filed this appeal with a brief requesting our review under *People v. Wende*, *supra*, 25 Cal.3d at page 436.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a petition brought under section 1170.95 is an open question. Our

---

1170.95 has no impact on the issues raised by this appeal. Further, effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58.) There were no substantive changes to the statute. For purposes of clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95 throughout the opinion.

2

Supreme Court has not spoken on that issue, although the issue is currently pending before it.  (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.)  In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, we described the *Anders/Wende* procedure we believed applicable to appeals from postconviction petitions:  " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' "  (*Id.* at pp. 112-113.)

We consider defendant's appeal abandoned and order the appeal dismissed.

## DISPOSITION

The appeal is dismissed.


/s/
Robie, Acting P. J.

I concur:



/s/
Boulware Eurie J.




I concur in the result:



/s/
Hull, J.

3